Ex parte Benjamin Story, in the matter of Louise Living-
ston, executrix of Edward Livingston, deceased, appel-
lant v. Benjamin Story.

A bill of exceptions, is altogether unknown in chancery practice; nor is a court of
chancery bound to inscribe in an order book, upon the application of one of the
parties, an order which it may pass in a case before it.

The Court refused to award a mandamus to the district judge of the district of
Louisiana, commanding him to sign a bill of exceptions tendered to him, and to
command him to have inscribed, by the clerk of the court, on the order book of
the court, an order passed by him, in a case which was before him under a man-
date from the Supreme Court, of the United States, requiring him to do and to
have done certain matters to carry into effect the decree of the Supreme Court,
in a case which had been brought before the Court by appeal from the district of
Louisiana.

At the time when a decree was made in the district court of Louisiana in a case be-
fore it, the complainant was dead. The executrix was afterwards admitted, by
the district court, to become a party to the suit, and prosecuted an appeal to the
Supreme Court, where the decree of the district court was reversed on the merits;
and the case was sent back to the district court on a mandate, requiring the de-
cree of the Supreme Court to be carried into effect. The decease of the plaintiff
before the decree, and his having left other heirs besides the executrix, were offered,
in the form of a supplemental answer to the original bill, to the district court,
when acting under the mandate of the Supreme Court, to show error in the pro-
ceedings of that court, with a view to bring the case again before the Supreme
Court, in order to have a re-examination and a reversal of the decree of the court.
The district court refused to permit the evidence of the matters alleged to be en-
tered on the records of the court, or to sign a bill of exceptions, stating that the
same had been offered. The Court said, in the case of Skillern's Executors v.
May's Executors, 6 Cranch, 267, it was said, " as it appeared that the merits of the
case had been finally decided in this Court, and that its mandate required only
the execution of the decree, the circuit court was bound to carry that decree into
execution, although the jurisdiction of the Court was not alleged in the pleadings."
In the case now before the Court, the merits of the controversy were finally decided
by this Court, and its mandate to the district court required only the execution of
the decree. On the authority of this case, the refusal to allow the defendant to
file a supplemental answer and plea, was sustained.

THE case of Louise Livingston, executrix of Edward Livingston,
deceased, was before this Court at the January term, 1837, on the
appeal of Mrs. Livingston, as administratrix, against Benjamin Story,
from the district court of the United States for the eastern district of
Louisiana. 11 Peters, 351.

The decree of the district court of Louisiana was reversed, and the case was sent back to that court on a special mandate from this Court.

Mr. Crittenden, for Benjamin Story, now presented to this Court a petition, on behalf of Mr. Story, stating:—

That there is pending against him, in the court of the United States of the ninth circuit and eastern district of the state of Louisiana, a certain suit in chancery, in the name of Louise Livingston, which suit was originally instituted in the name of Edward Livingston.

"That during the present term of the court, your petitioner moved the court to abate or dismiss said cause upon the grounds that Edward Livingston had departed this life, before the rendition of the decree dismissing *this* bill. That upon the hearing of said motion, your petitioner introduced a witness for the purpose of proving the time of the death of Edward Livingston, whose evidence was rejected by the court; to which opinion an exception was taken, and a bill of exceptions prepared, which stated truly the facts, a copy of which accompanies this petition.

Upon its presentation, the judge remarked, that he would sign no bill of exceptions unless he was convinced he was bound to sign one. Upon being subsequently importuned upon the subject, he stated, if he signed a bill of exceptions, he must give the reasons at length for his opinion. He has been again and again importuned, and unsuccessfully, on the subject.

That on this day your petitioner's counsel presented to the court the annexed answer, &c., and desired that it might be placed upon the files in the cause. But the court refused permission to file the same. Thereupon the annexed bill of exceptions was tendered to the judge, which bill truly stated the facts; but the judge refused to sign the same, or make it a part of the record.

The court was then moved to direct the clerk of the court to state the facts upon the order book; but the court refused to suffer any notice to be taken of this matter, as a part of the proceedings in the court; stating, at the same time, that he considered a mandamus to be the true remedy; and alleging no other reason for not signing the bill of exceptions, or suffering notice to be taken of the presentation of the answer on the record.

Thus far your petitioner is denied the opportunity of having the

[Ex parte Story.]

said decisions of the court revised, or of having the records of the court to speak the whole truth. Your petitioner annexes a full transcript of the proceedings in said case since it was remanded.

Forasmuch as your petitioner is without other remedy, he prays your honourable body to award to him a writ of mandamus, in nature of a writ of procederdo, to compel the judge, the Hon. P. K. Lawrence, to sign said exceptions; and to permit the said record to speak the truth.

Your petitioner prays for whatever else in the premises that the circumstances of the case will require."

The facts stated in the petition were verified by an affidavit, by Mr. Chinn, the counsel for the petitioner, in the circuit court.

The following is a copy of one of the bills of exception referred to in the foregoing petition:

LIVINGSTON
v.     } On motion to strike the cause from the docket.
STORY.

Be it remembered, that on the trial of this motion, the defendant, Story, introduced Henry Carlton as a witness, and offered to prove by him, that Edward Livingston, the former complainant herein, departed this life on the ———— day of ————, and before the trial and decree in this court, at the spring term, 1836; and also, that Edward Livingston left living a daughter and heir at the time of his death, who is still living. To the admissibility of all of said evidence, the complainant's counsel objected, and the court sustained the objection; and would not permit said witness to be examined, or the testimony of the foregoing facts, or either of them, to be inquired into. To which opinion of the court the defendant excepted, and prays that his exception may be signed, sealed and enrolled, which is done.

The motion was opposed by Mr. Key, the counsel for Mrs. Livingston.

Mr. Justice TANEY delivered the opinion of the Court.

In this case, a mandamus has been moved for on behalf of Benjamin Story, to the circuit court for the ninth circuit for the eastern district of Louisiana.

The facts in the case are as follow: Edward Livingston, in his

lifetime, filed a bill on the equity side of the district court for the eastern district of Louisiana, against Benjamin Story; and at the hearing of the cause, the court decided against the complainant, and dismissed the bill. This decree was passed June 3d, 1836. On the 1st of October, 1836, Louise Livingston filed a petition in the district court, stating that Edward Livingston had died after the suit was decided, and had by his will appointed her sole executrix; and praying leave to make herself a party, in order to appeal to this Court. A copy of the will of Edward Livingston was filed with this petition, by which it appeared that she was the sole executrix. Louise Livingston was accordingly permitted to become a party, and by her solicitor, appeared in the district court as complainant in the character of executrix, and appealed to this Court; where the cause was heard at January term, 1837, and the decree of the district court reversed, and the case sent back, with a mandate from this Court to the court below, directing the further proceedings to be had in that court.

It appears by the petition for the mandamus, (which is verified by affidavit,) and by the copy of the record from the court below which accompanies it, that the mandate from this Court was filed in the district court, March 2d, 1837; and proceedings were accordingly had under the orders of the district court, to carry into execution the directions contained in the mandate. Afterwards, the case having been transferred to the circuit court, under the act of congress creating additional circuits, the defendant, on the 20th of November, 1837, obtained a rule on the complainant to show cause why the bill should not be dismissed, or the suit abated, upon the ground that Edward Livingston, the complainant in the original bill, died before the hearing and decree in the district court in 1836; and also, because the suit had not been regularly revived by his executrix, the present complainant, and could not be revived, inasmuch as she claimed as devisee. On the 18th of December, 1837, the rule abovementioned was discharged; and the testimony offered to prove the facts alleged as the foundation of the rule rejected by the court. The defendant, on the day last mentioned, further moved that he be permitted to give evidence that Edward Livingston had left other heirs besides Mrs. Louise Livingston, which motion was also overruled by the court. The defendant thereupon tendered a bill of exceptions to these opinions, but the court refused to sign it. The defendant afterwards prayed leave to file "a supplemental answer and plea," in

which he averred that Edward Livingston, the original complainant, died on the 23d of May, 1836, which was some days before the decree of the district court dismissing his bill; and also averred, that he left a daughter, who was still living, and had an interest in the subject matter in controversy; and plead the death of said Edward Livingston in abatement of the proceedings; and further insisted that the suit had never been revived by Louise Livingston, who appears as complainant; and that the daughter of Edward Livingston was a necessary party; and that the court could not entertain jurisdiction because she was not a party. The court refused to receive this answer, or to permit it to be filed. The defendant thereupon tendered another bill of exceptions, which the court refused to sign. The defendant then moved the court to direct the clerk to state the facts upon the order book, but the court refused to suffer any notice to be taken on the record of this proposition to file the supplemental answer and plea; and a mandamus is now moved for, to compel the judge to sign the exceptions, and to correct the record, so as to make the answer which defendant proposed to file, and the refusal of the court to receive it, appear on the record as a part of the proceedings.

We think there is no sufficient grounds for this application. A bill of exceptions is altogether unknown in chancery practice; nor is a court of chancery bound to inscribe in an order book, upon the application of one of the parties, an order which it may pass in a case before it; and the facts which the defendant stated in the supplemental answer and plea which he offered, furnished no ground of defence in the circuit court; when acting under the mandate of this Court, and carrying its directions into execution. In the case of Skillern's Executors v. May's Executors, 6 Cranch, 267, this Court said, that as it appeared that the merits of the case had been finally decided in this Court, and that its mandate required only the execution of its decree; the circuit court was bound to carry that decree into execution, although the jurisdiction of the court was not alleged in the pleadings. In the case now before the Court, the merits of the controversy were finally decided by this Court, and its mandate to the district court required only the execution of its decree. The case, therefore, comes within the principle of Skillern's Executors v. May's Executors, and the facts stated by the defendant cannot, in this stage of the proceedings, form any defence against the execution of the mandate; and consequently he was not deprived of any legal

[Ex parte Story.]

or equitable ground of defence by the refusal of the court to suffer him to file the supplemental answer and plea which he offered:

The motion for the rule to show cause, is therefore refused.

On motion for a mandamus to the judge of the circuit court of the United States for the eastern district of Louisiana. On consideration of the motion made in this case by Mr. Crittenden, on a prior day of the present term of this Court, to wit: on Saturday the 17th day of February, A. D. 1838, for a writ of mandamus in the nature of a writ of procede lo, to compel the judge of the circuit court of the United States for the eastern district of Louisiana, to sign the bill of exceptions tendered to him by the counsel for the appellee in this cause, and to permit the record of the case "to speak the truth," and of the arguments of counsel thereupon had as well in support of, as against the motion; it is now here ordered and adjudged by this Court, that the said motion be, and the same is hereby overruled.