CONTINENTAL TRUST CO. OF NEW YORK et al. v. TOLEDO, ST. L. & K. C. R. CO. et al.

(Circuit Court, N. D. Ohio, W. D. January 29, 1900.)

No. 1,205.

EQUITY PRACTICE—CERTIFYING BILL OF EXCEPTIONS.
    A judge of a federal court is not required to certify to a bill of exceptions in an equity cause.

On Application for Allowance of a Bill of Exceptions.

Cary & Whitridge, for Continental Trust Co.

Pliny B. Smith, for Geo. M. Thornton and F. J. Sawyer.

J. D. Springer, for Toledo, St. L. & K. C. R. Co. and others.

RICKS, District Judge. Since the 19th inst., when the last proceedings in this case took place at Toledo, in pursuance of special notice of counsel, I have taken pains to examine the authorities as to the duty of the trial judge in the circuit court of the United States to sign a bill of exceptions in an equity cause. I find the authorities are overwhelming in favor of the proposition that no such thing as a bill of exceptions is known in the equity practice in the federal courts. The earliest and the leading case which passes upon this question is the case of Ex parte Story, reported in 12 Pet. 339, 9 L. Ed. 1108. That was a case where, on a mandate from the supreme court of the United States, the trial judge in the circuit court refused to sign a bill of exceptions presenting the fact as to the death of Edward Livingston, one of the parties to the suit, which fact became a material point in the case. As stated in the report of the case, upon the presentation of the bill of exceptions, the judge remarked:

"That he would sign no bill of exceptions unless he was convinced that he was bound to sign one. Upon being subsequently importuned upon the subject, he stated, if he signed a bill of exceptions, he must give the reasons at length for his opinion. He has been again and again importuned, and unsuc-

cessfully, upon the subject. That on this day your petitioner's counsel presented to the court the annexed answer, etc., and desired that it might be placed upon the files in the cause, but the court refused permission to file the same. Thereupon the annexed bill of exceptions was tendered to the judge, which bill truly stated the facts, but the judge refused to sign the same or make it a part of the record. The court was then moved to direct the clerk of the court to state the facts upon the order book, but the court refused to suffer any notice to be taken of this matter, as a part of the proceedings in the court; stating at the same time that he considered a mandamus to be the true remedy, and alleging no other reason for not signing the bill of exceptions, or suffering notice to be taken of the presentation of the answer on the record."

On a motion for a mandamus the supreme court said:

"We think there is no sufficient ground for this application. A bill of exceptions is altogether unknown in chancery practice, nor is a court of chancery bound to inscribe in an order book, upon the application of one of the parties, an order which it may pass in a case before it; and the facts which the defendant stated in the supplemental answer and plea which he offered furnished no ground of defense in the circuit court, when acting under the mandate of this court, and carrying its directions into execution. In the case of Skillern's Ex'rs v. May's Ex'rs, 6 Cranch, 267, 3 L. Ed. 220, this court said that as it appeared that the merits of the case had been finally decided in this court, and that its mandate required only the execution of its decree, the circuit court was bound to carry that decree into execution, although the jurisdiction of the court was not alleged in the pleadings. In the case now before the court the merits of the controversy were finally decided by this court, and its mandate to the district court required only the execution of its decree. The case therefore comes within the principle of Skillern's Ex'rs v. May's Ex'rs, and the facts stated by the defendant cannot, in this stage of the proceedings, form any defense against the execution of the mandate; and consequently he was not deprived of any legal or equitable ground of defense by the refusal of the court to suffer him to file the supplemental answer and plea which he offered. The motion for the rule to show cause is therefore refused."

In the case of Johnson v. Harmon, 94 U. S. 371, 24 L. Ed. 271, the supreme court, on application for a bill of exceptions, say:

"A bill of exceptions cannot be taken on the trial of a feigned issue directed by a court of equity, or, if taken, can only be used on a motion for a new trial made to said court. 2 Daniells, Ch. Prac. (3d Am. Ed.) 1106; Armstrong v. Armstrong, 3 Mylne & K. 52; Ex parte Story, 12 Pet. 343, 9 L. Ed. 1108. See the cases on new trials on feigned issues collected in 3 Grah. & W. New Trials, 1553, etc. The issue is directed to be tried for the purpose of informing the conscience of the chancellor, and aiding him to come to a proper conclusion. If he thinks the trial has not been a fair one, or for any other reason desires a new trial, it is in his discretion to order it. But he may proceed with the cause, though dissatisfied with the verdict, and make a decree contrary thereto, if, in his judgment, the law and the evidence so require. A decree in equity, therefore, when appealed from, does not stand or fall according to the legality or illegality of the proceedings on the trial of a feigned issue in the cause, for the verdict may or may not have been the ground of the decree. It is the duty of the court of first instance to decide (as was done here) upon the whole case, pleadings, evidence, and verdict, giving to the latter so much effect as it is worth. An appeal from the decree must be decided in the same way, namely, upon the whole case, and cannot be made to turn on the correctness or incorrectness of the judge's rulings at the trial of the feigned issue."

In the case of Watt v. Starke, 101 U. S. 248, 25 L. Ed. 826, it was said by the supreme court that the verdict upon an issue which a court of chancery directs to be tried at law is merely advisory. A motion for new trial can be made only to that court, and the party submitting it must procure, for the use of the chancellor, notes of

the proceedings at the trial, and the evidence there given. The evidence and proceedings become, then, part of the record, and are subject to review by the appellate court, should an appeal from the decree be taken. This is from the opinion of Mr. Justice Bradley, who had examined very exhaustively all the cases reported in which the question of the right of the appellant to have the bill of exceptions signed by the trial judge is involved. In all these cases, it will be observed, the supreme court bases its action upon the theory that in an equity case all of the proceedings, pleadings, and evidence are in writing, and therefore make up a complete record of all the proceedings in the case. The court therefore has no need of a bill of exceptions, or any other form of certificate, in deciding the case. In an action at law the record is made up in a different way. In such a case the pleadings, of course, are a matter of record. The verdict of the jury, and the motion to set aside the verdict and for a new trial, are also a part of the record; but, there being no rule or practice requiring the evidence to be reduced to writing, the appellate court, in a law case, has nothing to show what was the testimony in the case. This is supplied by a bill of exceptions, which, when properly prepared, shows all the proceedings in the court, except the pleadings and the steps heretofore stated. The courts therefore unanimously hold that a bill of exceptions has no place in the record in an equity case. If there is any oral testimony offered on the trial of an equity case, and, owing to special conditions and circumstances, the chancellor should allow such oral evidence, it would be supplied by some sort of a certificate or bill of exceptions; but this can only be done, as I have already stated, in a special case, where the chancellor, in the discretion vested in him, makes a special order concerning the mode of presenting to the court of review the oral testimony so taken. That this is the ruling of the courts of the United States is beyond all question; but, if we turn to the third volume of the Encyclopædia of Pleading and Practice (page 381), we find that the practice is almost as uniform in the state courts, in refusing a bill of exceptions in such a case as this, as I have already shown it to be in the federal courts. Under the subject of "Bills of Exceptions," a very elaborate review is made of all the authorities, in both the federal and state courts, in the Encyclopædia, above referred to. The proposition stated is as follows:

"In equity, as the evidence and all objections thereto, and all the orders and decrees of the court, are in writing, under the technical chancery practice, and are parts of the record proper, a bill of exceptions is improper, and, where taken, will be disregarded on appeal."

I do not know what counsel for the petitioners Sawyer and Thornton undertake to incorporate in their bill of exceptions. I do not know what there is, outside of the record already made, that will enable them to present any more clearly to the reviewing court the irregularities and errors complained of. Everything that has been offered in evidence at the various hearings which we have attended under the several notices of counsel is already a matter of record in this case, and all that is needed is that such record should be

fully and properly presented to such court of review. What has taken place at either of these hearings by way of colloquy in open court is not a matter of record, and. the court ought not to certify to 'the correctness of such proceedings. Such proceedings are not required by statute or practice, and the court, when called upon, should refuse to certify the same, on the ground that they are not a part of the record, and therefore need not be certified. The refusal of the court to allow the written applications for an appeal to the supreme court from the order striking the petition of Sawyer from the files is a matter of record, and therefore need not be specially certified. No question of jurisdiction is involved in their cases, and the refusal to certify cannot be error. The refusal to allow the written prayer for an appeal, on the motion to dismiss the bill of foreclosure for want of jurisdiction, to the supreme court of the United States, is a part of the record of the case, and therefore the holding of the court is not error. The parties lost their right to appeal to the supreme court on the question of jurisdiction by their appeal to the circuit court of appeals.