## FLANNERY BOLT CO. v. FLANNERY.
### No. 7581.

Circuit Court of Appeals, Third Circuit.
April 30, 1941.

Rehearing Denied May 19, 1941.

Julius E. Foster, of Pittsburgh, Pa., for appellant.

John E. Laughlin, Jr., of Pittsburgh, Pa., (Roy G. Bostwick and Wm. H. Parmelee, both of Pittsburgh, Pa., on the brief), for appellees.

Before MARIS, CLARK, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

In a suit in the District Court for the Western District of Pennsylvania brought by Flannery Bolt Company against J. Rogers Flannery, Jr., and others to recover certain patents, applications for patents and inventions a final decree was entered in favor of the plaintiff (Flannery Bolt Co. v. Greenslade, D.C., 26 F.Supp. 502) which was affirmed by this court (Flannery v. Flannery Bolt Co., 3 Cir., 108 F.2d 531). Thereafter the Supreme Court denied certiorari (309 U.S. 671, 60 S.Ct. 615, 84 L. Ed. 1017). The facts involved in the litigation are sufficiently disclosed in the opinions of the district court and of this court and need not be repeated here. Suffice it to say that the decree directed the defendants to assign to the plaintiff, inter alia, all inventions, discoveries and improvements made or developed by or under the direction of Grover R. Greenslade, one of the defendants, since September 11, 1932, and relating to electro-magnetic, magnetic or electric methods and devices for testing metallic articles or objects, including, without limitation, the "Electel" device described in the decree, and any and all patents and patent applications therefor.

Among the devices developed by Dr. Greenslade was one referred to in the record as Electel No. 3. After this court had issued its mandate affirming the final decree of the district court the plaintiff demanded that defendant J. Rogers Flannery, Jr., in obedience thereto should execute an assignment to the plaintiff conveying inter alia, all his rights in the device known as Electel No. 3. Refusing to execute such an assignment Flannery petitioned the district court to construe its final decree as not requiring him to assign the Electel No. 3 device. At the same time the plaintiff obtained a rule to show cause why Flannery should not be adjudged in contempt for his refusal to execute the assignment request-

ed. After hearing, the district court denied Flannery's petition for construction of the decree, directed him to execute and deliver an assignment in the form requested and held in abeyance the contempt proceeding in order to give Flannery an opportunity to perform. From this order Flannery took the present appeal.

The appellant urges that the measuring device known as Electel No. 3 does not belong to the plaintiff and that the final decree should be construed as excluding it from its scope. He concedes, however, that the language of the decree "would literally include this measuring instrument" but argues that such literal inclusion should not control since, as he contends, the findings of fact and conclusions of law of the court do not support it. An examination of the decree discloses that its terms are clear and unambiguous and that they include the Electel No. 3 device. Under these circumstances it is obvious that what the appellant asks is the modification of the decree rather than the construction or clarification of it. In other words what he seeks is a second appeal from the decree which this court has heretofore affirmed and which the Supreme Court has refused to review. This he may not have.

Upon this appeal we may consider only the proceedings in the district court subsequent to our previous mandate. Noonan v. Bradley, 12 Wall. 121, 79 U.S. 121, 129, 20 L.Ed. 279. These proceedings consist merely of the petition by the appellant to construe the decree which has now become final and the order of the district court denying that petition and directing the appellant to make an assignment in terms required by the language of the final decree. We are satisfied that the district court did not err in making this order. The appellant's contentions as to the ownership of the Electel No. 3 device were decided against him by the plain terms of the final decree which we affirmed. Consequently those contentions may not now be considered and the final decree modified under the guise of construction even though the decree may appear to be broader than the findings of fact and conclusions of law on which it is based. That error, if it be one, should have been assigned by the appellant upon the prior appeal. The decree then affirmed is now beyond the appellant's attack on any such ground.

The order of the district court is affirmed.