WILLIAM PINKNEY WHYTE, ADMINISTRATOR DE BONIS NON OF JOHN GOODING, DECEASED, APPELLANT, *v.* ROBERT M. GIBBES AND CHARLES OLIVER, SURVIVING EXECUTORS OF ROBERT OLIVER, DECEASED; AND ROBERT M. GIBBES AND CHARLES OLIVER, SURVIVING EXECUTORS OF ROBERT OLIVER, DECEASED, APPELLANTS, *v.* WILLIAM PINKNEY WHYTE, ADMINISTRATOR DE BONIS NON OF JOHN GOODING, DECEASED.

Where the defendant appeared to a bill in chancery, and defended the suit, and no want of jurisdiction appeared in the record, and then the complainant died, an objection that the defendants were citizens of another State comes too late when made to a bill of revivor, which is only a continuance of the suit.

Moreover, a plea to the jurisdiction comes too late after a mandate has gone down from this court to the court below.

THESE were cross appeals from the Circuit Court of the United States for the District of Maryland, and were argued together with the preceding case by the same counsel.

Mr. Justice NELSON delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of the United States for the district of Maryland.

The case in principle is similar to the case of Williams *v.* The Executors of Robert Oliver, in which the opinion has just been delivered, with the exception of a question made upon a bill of revivor.

The suit was originally brought by John Gooding, jun., administrator *de bonis non* of the estate of John Gooding, sen. After the determination of the cause by this court, reversing the decree below, and sending it back with directions to enter a decree for the complainant, and to take an account, the complainant died. Thereupon, Whyte, the present complainant, was appointed administrator *de bonis non,* and filed a bill of revivor of the original suit, and presented a petition to the court, praying that, as the defendants were residents of the city of New York, the subpœna may be served upon the counsel of the defendants in the original suit, which was granted. The defendants appeared, and filed an answer to the bill of revivor under protest, and insisted that the court had not jurisdiction of the original suit, as the complainant in that suit was a citizen and resident of Virginia, and the defendants were residents of New York. There does not appear to have been any order of the court upon the question presented in this answer; but the cause proceeded before the master, where it was pending at the time of filing the bill of revivor and answer to the same.

The point is now taken, that as it appears the defendants were citizens and residents in New York at the time of the filing of the original bill, and also the bill of revivor, the court below had no jurisdiction in the case.

The answer to this objection is, that no want of jurisdiction appeared on the face of the original bill, and the defendants appeared and defended the suit; and, as the bill of revivor is but a continuance of that suit, the residence of the parties at the time it was filed is altogether immaterial.

This question arose in the case of Clarke *v.* Matthewson et al., (12 Peters, 164,) and was decided in conformity with the rule above stated.

In respect to the other objection, that the court had not jurisdiction in the original suit, we may add, in addition to what we have said, it comes too late after the mandate has gone down to the court below. (3 How., 413.)

The decree of the court below affirmed.

Mr. Justice GRIER dissented.