## NOONAN v. BRADLEY, ADMINISTRATOR.

The court,—admitting that an administrator of a decedent appointed in one State (that of his decedent's residence), cannot, in the absence of statute, maintain an action in another State, to enforce an obligation there, given to his decedent,—yet refused to set aside a decree given by it nine terms ago in favor of such an administrator, who, after an appeal taken and perfected to this court by his decedent, in a suit by *him* to enforce an obligation in a State where he was not domiciled, had been substituted by order of court as appellee in the suit; the decedent dying and the substitution having been made in the absence of all ancillary administration, and without opposition by the debtor or by any one.

ON motion. The facts were these:

Lee, domiciled in New York, sold and conveyed in 1855 to Noonan, domiciled in Wisconsin, a tract of land in the latter State, taking his bond and mortgage for the purchase-money. But there being at the time a question as to the validity of Lee's title, he agreed that if the title failed he would not enforce the bond.

Noonan having made default in his payment, Lee filed a bill in the Federal court for Wisconsin praying for a sale of the mortgaged premises, the payment of the mortgage debt,

and for general relief. That court, on an issue made as to whether the title had failed or not, adjudged that it had not failed; and giving judgment in favor of Lee ordered a sale of the mortgaged premises, and if the mortgaged property did not satisfy the debt, that Noonan should pay the deficiency. From that decree Noonan appealed to this court, the appeal being the case known as *Noonan* v. *Lee,* and reported in 2d Black, 500. While that appeal was pending in this court, Lee died, and one Bradley having received from the proper authority in New York, letters of administration on his estate, made suggestion to this court of Lee's death, and asked to be made party on the record. The court granted the request, and ordered " that the said administrator be and hereby is made appellee in the case." The appeal coming on to be heard after this substitution of Bradley, the administrator, as the appellee, the decree was at the December Term, 1862, affirmed, except in so far as it ordered Noonan to pay any deficiency. On that minor point it was reversed on grounds of practice.

From the time of the substitution of Bradley on the record, *he* stood, of course, as the appellee in the case, and all the subsequent proceedings in it from that date were made accordingly.

*After* this substitution and this decree, this same Bradley, as administrator, sued Noonan personally on his bond, in the Circuit Court for Wisconsin. One Ogden had, however, *after* the date of the substitution and decree but *before* Bradley's suit on the bond, been appointed by the proper authority in Wisconsin, administrator in that State. And this appointment of an ancillary administrator, and his investiture accordingly as such administrator, with all Lee's assets in Wisconsin —among which, as of course, was the debt due by Noonan, domiciled there—Noonan now pleaded in bar to Bradley's suit, against him personally. The Circuit Court gave judgment for Bradley, the New York administrator, but on the matter coming here at December Term, 1869, in *Noonan* v. *Bradley, administrator,* reported in 9th Wallace, 394, on appeal from that judgment this court reversed the judgment; de-

claring very fully that Bradley, an administrator, appointed in New York, could not by virtue of his appointment there, enforce in Wisconsin an obligation due to his intestate by a resident of the latter State; there being in that State an existing administrator, with letters granted by *its* authority.

In consequence of this decision, *Messrs. N. J. Emmons and J. S. Brown, in behalf of Ogden,* administrator, as aforesaid, appointed in Wisconsin, now moved the court to set aside all the proceedings in the case of *Noonan* v. *Lee* (the case reported in 2d Black) subsequent to the suggestion of Lee's death, and for an order directing the clerk of this court, to certify to the court below, that the appeal of Noonan had abated, because Bradley, appointed administrator by a court of New York, was not the legal representative of the deceased as to the already mentioned bond and mortgage, and that Ogden was; and because the appellant, Noonan, did not take measures to compel the appearance of the said true representative, Ogden.

This motion the counsel argued followed as a corollary from the decision of this court in *Noonan* v. *Bradley, administrator,* in 9th Wallace, 394, for that the mortgage under which Bradley had finally had a decree, was assets in Wisconsin, and assets therefore to which, as was elaborately shown in the opinion given in the case just mentioned, Bradley, appointed by a foreign jurisdiction, could have no right whatsoever. It may, perhaps, be added that after the decision of this court in *Noonan* v. *Lee,* that Lee's title had not failed, Wisconsin courts decided that it had.

*Mr. M. H. Carpenter, contra,* after remarking that such a motion as the one made was without precedent, argued that it ought not to be granted, because,

I. The substitution of Bradley as administrator, was rightly enough made in the then condition of the case of *Noonan* v. *Lee,* inasmuch—

1st. No administration had been granted in Wisconsin when the substitution was made, and no opposition had been

Restatement of the case in the opinion.

made by Noonan or any creditor or representative of Lee, at the time of the application to substitute Bradley.

2d. The appeal had been perfected by Lee in his lifetime, and Bradley had done nothing but come and support the decree below.

II. Even if the substitution had not been made with strict regularity at the time, the decree should not be set aside now. The decree had been made at December Term, 1862, near ten years ago. And it was perfectly settled that the court would not review its final judgments after the term at which they were given.

Mr. Justice CLIFFORD delivered the opinion of the court.

Particular reference to the nature of the controversy and the prior adjudications in respect to the same are indispensable in order that the motion and the effect of it, if granted, may be properly understood.

Noonan, on the first day of October, 1855, purchased of Lee certain real estate, situated in Wisconsin, by deed of warranty, and gave his bond for the purchase-money conditioned to pay four thousand dollars in four equal annual instalments, with interest, and gave a mortgage on the premises to secure the payments as specified in the bond, and the mortgage also contained a stipulation that upon any default on the part of the mortgagor in making the payments, including the interest and taxes as well as the principal, the whole of the mortgage debt, with interest, should, at the option of the mortgagee, become due and should be collectible on demand.

At the time the conveyances were executed the premises were in the possession of one John J. Orton, holding the same adversely to the grantor, in consequence of which the grantee required from the grantor an agreement to the effect that if the title failed the bond should not be enforced, and that if any incumbrances existed on the premises the amount of the same should be deducted from the stipulated consideration.

On the fourth of March, 1859, Lee filed a bill in equity in

Restatement of the case in the opinion.

the District Court of the United States for that district, exercising Circuit Court powers, setting forth that the grantee and mortgagor had not paid either principal or interest of the mortgage debt; that he, the complainant, had notified the party that he claimed that the whole debt had become due, and praying for a sale of the mortgaged premises, the payment of the mortgaged debt, and for general relief.

Such proceedings were had in the cause that the court rendered a final decree in the same, the court finding that the sum of five thousand two hundred and sixty-seven dollars and twenty cents was due to the grantor and mortgagee of the said premises, and the decree also directed the sale of the premises, the payment of the mortgage debt, and that the surplus, if any, should be brought into court; that, if the moneys arising from the sale were insufficient to pay the mortgage debt, interest, and costs, the marshal, in his report of the sale, should specify the amount of the deficiency, and that the respondent should pay the deficiency with interest, "and that the complainant may have execution therefor."

From that decree the respondent appealed to this court, and at the December Term, 1862, the appeal was duly entered here on the calendar. When the cause was reached the parties were heard, and this court decided that the complainant, upon the proofs exhibited, was entitled to a decree for the whole amount of the mortgage debt by virtue of the special stipulation in the mortgage, although one of the instalments, according to the terms of the bond, was not due when the bill was filed. Pursuant to that decision the court affirmed that part of the decree, but the court also decided that in the absence of a rule of the court conferring such authority the court below could not enter a decree in such a case, that the complainant should have execution for the balance found to be due to him over and above the proceeds of the sale, and reversed that part of the decree.*

Pending the appeal, however, and before the parties were heard in this court, to wit, on the seventh of February, 1862,

---

* Noonan v. Lee, 2 Black, 501; Rule 94.

the death of the respondent, John B. Lee, was suggested, and on motion leave was granted that the appearance of Alfred F. R. Bradley might be entered as administrator of the estate of the deceased, and he was admitted as appellee in the case. Doubts arising as to the validity of the title acquired by Noonan from his grantor, he commenced an action of ejectment in the State court against John J. Orton, the party in possession at the date of the conveyances, and gave notice to his grantor that he might appear and defend the title to the premises. Lee accordingly employed counsel, but the decision of the State court, rendered in January, 1863, was that the party in possession was seized in fee of the premises.

Both parties concede that Lee, when he died, was domiciled in New York, and that Bradley was duly appointed administrator by the proper tribunal in that State. When Lee died he also had effects of value in Wisconsin, and in February, 1865, the party who filed the motion, Thomas L. Ogden, was duly appointed administrator of those effects by the proper tribunal having jurisdiction of the matter in that State. On the sixth day of September, 1866, Bradley as administrator of the estate of John B. Lee, deceased, commenced an action of debt against Josiah A. Noonan, counting on the before-mentioned bond given by the latter to the decedent, for the purchase-money of the said real estate, as more fully set forth in the record.*

Three defences were set up by the defendant to the suit: (1) That the plaintiff was not and never had been administrator of the estate of the deceased. (2) That the deceased, at the time of his death, had effects in that State, among which was the bond in suit, and that the defendant was duly appointed administrator of those effects, and that the letters issued to the plaintiff, as applied to the cause of action in the declaration mentioned, were void and of no effect. (3) That the title to the premises had failed, the plea setting up the judgment in the ejectment suit rendered in the State court.

---

* Noonan *v.* Bradley, 9 Wallace, 399.

To the several pleas the plaintiff demurred, and judgment was rendered against the defendant for the sum of seven thousand five hundred and eighty-nine dollars and seventy-five cents, and the defendant appealed to this court, where the judgment of the Circuit Court was reversed, the court holding that an administrator appointed in one State cannot, by virtue of such an appointment, maintain an action in another State, in the absence of a statute of the latter State giving effect to that appointment, to enforce an obligation due his intestate.

Based on the conclusion announced in that case the proposition of the party submitting the motion is that all the proceedings in the case first mentioned, subsequent to the time when the death of the respondent in that suit was suggested, were irregular, that the administrator appointed by the tribunal of the jurisdiction where the intestate had his domicile at his decease was improperly admitted as appellee, and that the final decree in the case should be set aside and that a decree or order should be entered that the suit abated at the death of the appellee in the appeal, and that the clerk here should be directed to transmit a certificate to that effect to the court below.

Apart from the novel character of the motion and the grave doubts which arise whether the proposed certificate, even if the party is entitled to a remedy, is an appropriate process to be sent from an appellate to a subordinate tribunal, the court is of the opinion that the relief sought in the case cannot be granted, and that the motion must be denied upon three grounds, either of which is a complete and satisfactory answer to the application. They are as follows:

1. That the administrator of the domicile where the intestate resided at his decease was properly admitted as the appellee in the case, because, at that time, no ancillary administration had been granted in the State of Wisconsin.

Admitted as he was, without objection from the appellant, it may well be doubted whether the appellant in this case,

inasmuch as his appointment bears date subsequent to those proceedings, can be permitted to intervene, in the absence of fraud, for the purpose of setting aside what had passed *in rem judicatam* before he was appointed, but the court is not inclined to rest its decision upon that ground, as the statute of the State authorizes foreign executors and administrators to sue in the courts of the State, in cases where no executor or administrator of the estate of the decedent has been appointed in the State.*

Responsive to that it may be suggested that the right so conceded is subject to the condition that such representative party has filed in the Probate Court an authenticated copy of his appointment, but it is a sufficient answer to that suggestion in this case to say that nothing appears in the record to show that the condition, if it be one, was not fulfilled, and the court is of the opinion that a compliance, under the circumstances of this case, must be presumed, as the record shows that this court passed an order that the appearance of the administrator be entered and " that the said administrator be and he hereby is made the appellee in this case."

2. Grant that an administrator appointed in one State cannot, by virtue of such an appointment, maintain an action in another State unless so authorized by statute, still it does not follow that the proceedings in this case were irregular, as the suit was commenced by the appellee in his lifetime and was prosecuted by him in the court below to a final decree, and from that decree the respondent appealed to this court. All these proceedings took place while the intestate was in full life, and it appears that the appeal was pending in this court at the time that his death was suggested, and that the administrator appointed in the jurisdiction of the decedent's domicile was admitted as the appellee by the order of the court, as before explained. He did not commence the suit, and as he was the only administrator appointed, the court is of the opinion that he was a competent party to appear and support the decree.

---

* Sessions Acts, 1860, 24.

3. Suppose, however, that neither of those propositions is correct, still the court is of the opinion that the motion must be denied, as this court, subsequent to the term when a judgment or decree is rendered, possesses no power to review its own final judgments or decrees. Where the merits of a case are decided in the Circuit Court and the decree on appeal is reversed in this court and the mandate of the court is sent down directing the court below to execute the decree, it is well-settled law that it is too late to call in question the jurisdiction of the subordinate court.* Repeated decisions of this court have established the rule that a final judgment or decree of this court is conclusive upon the parties, and that it cannot be re-examined at a subsequent term, as there is no act of Congress which confers any such authority.† Second appeals or writs of error are allowed, but the rule is universal that they bring up only the proceedings subsequent to the mandate, and do not authorize an inquiry into the merits of the original judgment or decree. Rehearings are never granted where a final decree has been entered and the mandate sent down, unless the application is made at the same term, except in cases of fraud.‡ Appellate power is exercised over the proceedings of subordinate courts and not on those of the appellate court, and the express decision of this court in several cases is that the " court has no power to review its decisions, whether in a case at law or in equity, and that a final decree in equity is as conclusive as a judgment at law.§ Other cases to the same effect might be referred to, but it does not seem to be necessary, as the views of the court from its organization to the present time appear to have been uniform and consistent, as is sufficiently exemplified by the cases to which reference is made.

MOTION DENIED.

---

* Skillern's Executors v. May's Executors, 6 Cranch, 267.

† Martin v. Hunter's Lessee, 1 Wheaton, 355.

‡ Browder v. McArthur, 7 Wheaton, 58; The Santa Maria, 10 Wheaton, 442.

§ Washington Bridge Co. v. Stewart et al., 3 Howard, 424; Ex parte Sibbald, 12 Peters, 492; Peck v. Sanderson, 18 Howard, 42.