GEROLD VICTOR VAN DER VLUGT ET UX. *v.*
DONNA HELEN SCARBOROUGH

[No. 809, September Term, 1981.]

*Decided March 3, 1982.*

The cause was argued before Lowe and Mason, JJ., and

Richard M. Pollitt, Chief Judge of the First Judicial Circuit, specially assigned.

*Deena P. Rabinowicz,* with whom were *H. Alan Young* and *Young & Goldman* on the brief, for appellants.

*Mark A. Binstock,* with whom were *Kerman & Binstock* on the brief, for appellee.

Lowe, J., delivered the opinion of the Court.

The Circuit Court for Montgomery County granted appellee Donna Helen Scarborough's motion to quash an attachment on her wages. Appellee was alleged to have been one of a number of guarantors of a corporate obligation to Borg-Warner Acceptance Corp. Borg-Warner sued all eight guarantors,[1] (six of whom were married couples), simultaneously moving for summary judgment. Appellee answered (separately from Mr. Scarborough) and filed an affidavit swearing that she had neither signed, nor authorized, the signing of the guarantee.

In the absence of transcripts of proceedings we have looked to the docket entries and find that on June 15, 1979,

"Court (Miller, J.) withdraws Summary Judgment
as to Defendant, Donna Helen Scarborough."

On June 18, 1979, however, appellants, Gerold and Theresa Van Der Vlugt, two of the guarantors, filed a cross-claim against the other guarantors, including appellee "for contribution for any sums which may be expended by [appellants] in discharging the common obligations of all defendants represented by the notes which are the subject of this action."[2] Borg-Warner filed a second motion for summary judgment, this time omitting the names of appellee and another guarantor (who had not been served), and on July 18,

---

1. Service was obtained on all but one guarantor.
2. It also included a count for indemnification against one of the guarantors (who appears to have managed the corporation) for breach of fiduciary duties.

1979, obtained summary judgment against the six guarantors named in the motion.

Appellants, having arranged the payment of the entire amount of the judgment on December 28, 1979, moved for partial summary judgment under their contribution count, pursuant to Md. Rule 605 (d) which reads:

> "Where in a single action a joint judgment has been entered against more than one defendant, and one of such defendants has discharged the judgment by payment or has paid more than his pro rata share thereof, then in any case where a right of contribution or recovery over as between such defendants exists, an appropriate judgment against any other defendant may be entered, after 15 days' notice, upon motion by the defendant and proof of payment."

On May 14, 1980 the court ordered the entry of partial summary judgment in favor of appellants against all five of the remaining guarantors who had been served, including appellee, despite there never having been a judgment entered against her in the original case. Appellee sought to no avail to have the judgment reconsidered. The docket entries show that her motion to reconsider was taken "under advisement" on October 1, 1980. On December 29, 1980 the docket entries (absent any transcripts) indicate:

> "Hearing on Defendant, Donna Helen Scarborough's Motion for Reconsideration (#89) (Frosh, J.) denied. Mr. Levine reporting."

On January 22, 1981, she appealed to this Court.

Appellants Van Der Vlugt had issued an "Attachment on Judgment: Wages" of appellee on February 26, 1981. On April 10, 1981 they moved to dismiss her appeal under Rule 1012, alleging that the judgment appealed from had been entered on May 14, 1980, 273 days before the appeal was noted. Appellee opposed that motion but conceded that the appeal should be dismissed sua sponte by this Court since

there had been no final judgment from which the appeal could be taken and no compliance was had with Md. Rule 605 a. which reads:

> "Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

On April 21, 1981, we dismissed the appeal because there had been no entry of final judgment and no compliance with the 605 a. alternative.

Appellee then filed a motion to quash the attachment which was granted. Appellants invoked their right to appeal that action pursuant to Md. Cts. & Jud. Proc. Code Ann. (1980 Repl. Vol.), § 12-303 (b). They ask:

> "Whether a Writ of Attachment upon judgment is valid, even though the judgment may not be an appealable final judgment.",

and alternatively,

> "Whether the judgment against appellee is an appealable final judgment."

That the answers to each are in the negative should be obvious. We note initially that the "judgment" against appellee is *not* an appealable final judgment because we said it was not final in our Order of Dismissal of appellee's first appeal, and that is the law of the case. Appellants petitioned

the Court of Appeals for certiorari upon our Order, and were denied. Despite appellants' views to the contrary — and the judge's as well — our order determining that the judgment was not an appealable final one was correct; but even if we had erred, when that mandate issued it was conclusive.

But we did not err. Md. Rule 605 a. permits the filing of a final judgment by a court in any case in which more than one claim for relief is presented *ONLY* upon an "express determination that there is no just reason for delay and upon an express direction for the entry of judgment." In this case, not only is Borg-Warner's claim against appellee still pending, but appellants' cross-claim for indemnification against one of the guarantors is still pending. The "Judgment" entered, which is captioned "Partial Summary Judgment," clearly acknowledged the fact that less than all of the claims have been therein adjudicated. Final judgment could be entered, therefore, upon less than all of the claims "only" in conformity with the 605 a. procedure.

At the argument upon her motion to quash, appellee, referring to the dismissal of the appeal to which she had acquiesced and Rule 605 a., professed that,

> "in the situation where we presently exist, the Court of Special Appeals has indicated we can't ever have an appeal."

That of course, was incorrect, and apparently misleading in that it appeared to have made quite an impression on the judge who, upon quashing the attachment, said:

> "It doesn't make sense to me that you could have a situation where you are proceeding to continue to collect, and you could, in theory, if the Plaintiff has not gone ahead and done something about finalizing it you could, in theory, keep the Defendant from ever being able to appeal, and I just don't think that that would be. I would hope that somebody would step in and construe the rules in some different way if that were true."

The judge appears to have believed we erred, but acknowledged that:

> "It doesn't make any sense to me that the Court of Special Appeals, even if they are wrong, they have a right to be wrong more than I have the right to be wrong, so, therefore, I am required to proceed in accordance with their opinion and not whether or not I think they may or may not misunderstand Rule 605 (a)."

The judge went even farther in an effort to have the rule clarified or explained:

> "I would have to tell you that a great many decisions, all of them unreported, come down on that precise basis. While I can't and won't refer you to the fact that those are unreported cases, I would have to say that I would certainly imagine somebody would have asked for a reconsideration and asked to get a reported case on this subject if they thought that there was a chance of doing so. Perhaps you should be the one. I don't know when it came down."

Hopefully we can comply, although we find the rule so very clear it will be difficult to elaborate.

We will commence with the obvious, *i.e.*, that in order for one to obtain any type of execution [3] upon a judgment, the judgment must be a final one. In an ordinary case, for example, a judgment *nisi causa* will not support an execution, which may be issued only after the time for filing a motion for new trial or an arrest of judgment has expired. 3 *Poe's Pleading and Practice*, § 383. Indeed, Md. Rule 622 a. makes it clear that a court may issue an attachment or execution at any time within 12 years "from" the date of a judgment.

---

3. Md. Rule 622 h.4. states that:

"An attachment on judgment shall be regarded as an execution within the meaning of this Rule."

See also Northwestern N. Ins. v. Wetherall, 272 Md. 642, 650-653 (1974).

Md. Rule 5 o. makes it clear that whenever the term "judgment" is used in the rules, it is intended to connote one final in its nature unless otherwise described in context. Although there are three kinds of judgments recognized by the courts of this State, *Huston v. Ditto,* 20 Md. 305, 326 (1863),[4] only one kind is final and effective. An order to enter judgment, although it is binding, is not a judgment. *Mayor, &c. of Frostburg v. Tiddy,* 63 Md. 514 (1885). It follows that when Md. Rule 622 a. permits execution only "from the date of judgment," that rule means from the date of final judgment just as clearly as if the adjective "final" had expressly modified the noun "judgment," as was done legislatively in Md. Cts. & Jud. Proc. Code Ann. (1980 Repl. Vol.), § 12-301 for purposes of an appeal. That an appeal may only be taken from a judgment that is final unless otherwise authorized by statute *(e.g.,* Cts. & Jud. Proc. Art. 12-303) or rule is a jurisdictional brocard. *Eastgate Associates v. Apper,* 276 Md. 698, 700-701 (1976).

That seems perfectly clear in a simple, ordinary single-party case; however, when a case with multiple claims [5] or parties is adjudicated piecemeal, Md. Rule 605 a. comes into play to provide an alternative to the final judgment prerequisite. As would be expected, the rule presupposes that even in multiple cases a final judgment cannot be entered until all of the claims are adjudicated; but, having so assumed, it then provides some respite in the event the exigencies of a case call for the entry of a final judgment on less than all the claims. That is a determination to be made in the discretion of the court after balancing the exigencies of the case, but one that should not be lightly made for it, too, is subject to appellate review. *Diener Enterprises v. Miller,* 266 Md. 551, 556 (1972).

---

**4.** "Interlocutory judgments, which require some further action of the Court; final and effective judgments; and final but not effective, either from the nature of the original entries, or become so by some subsequent contingency." Huston v. Ditto, 20 Md. 305, 326 (1863).

**5.** The term "multiple claims" includes multiple defendants. Tedrow v. Ford Motor Co., 260 Md. 142, 144-145 (1970).

Procedurally, it should be noted that final judgment may be entered upon less than all of the claims *only* upon an express determination that there is no reason to delay and upon an express determination for the entry of judgment. Although the rule does not expressly refer to appeals, if this procedure has not been followed in a case with claims still pending, we must, ex mero motu, recognize our lack of jurisdiction arising from the improper application of Rule 605 a. and dismiss the appeal. *Diener Enterprises, supra* at 555. In light of the jurisdictional defect, *we* have no discretion to exercise and if we deal with the merits of an appeal, appellate error would result. *Eastgate Associates v. Apper, Id.* at 704. *See Starfish Condominium Association v. Yorkridge Service Corporation,* 292 Md. 557 (1982).

Obviously then, in the case before us appellee has not lost her right of appeal. *See e.g.,* Md. Rule 607. It will arise either when all of the claims are finally adjudicated and judgment entered thereon, or when the trial judge expressly determines that there is no reason for delay and expressly directs the entry of the partial judgment against her. Not only will her right to appeal arise, however, but the appellants' right to execute as well. But neither can arise before one of those two contingencies occur, *i.e.,* termination or certification. Were finality to be defined differently for different purposes, situations arising therefrom would be chaotic.

Although the trial judge professed perplexity in understanding Rule 605 a., her instincts brought her to the right results, which indicate a better understanding of the rule then she was willing to express. Her final statement in rendering judgment upon the motion to quash was:

> "In view of that potential, the Court would have to say that it was not such final order as would have supported an attachment."

That, too, purports a better grasp of the rule than she was willing to admit. We will affirm her judgment, and for the reason she expressed.

*Judgment affirmed.*
*Costs to be paid by appellants.*