504 A.2d 1145

**E. Edward HOUGHTON et ux.**

v.

**COUNTY COMMISSIONERS OF KENT COUNTY, Maryland.**

**No. 76, Sept. Term, 1985.**

Court of Appeals of Maryland.

Feb. 25, 1986.

R. Stewart Barroll (Hoon & Barroll, on brief), Chestertown, for appellants.

Roger D. Redden (Paul A. Tiburzi and Steven E. Weingarten, on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RO-DOWSKY, COUCH and McAULIFFE, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired), Specially Assigned.

ELDRIDGE, Judge.

We granted the petition for a writ of certiorari in this case to consider some questions concerning the alleged conduct of county commissioners in connection with voting on a particular project. We shall not be able to reach those questions, however, because the order of appeal was filed more than thirty days from the final judgment of the circuit court. Consequently, there is no appellate jurisdiction, and the appellees' motion to dismiss the appeal must be granted. *See* Maryland Code (1974, 1984 Repl.Vol.), § 12–301 of the Courts and Judicial Proceedings Article; Maryland Rule 1012a.

This case commenced on October 19, 1984, when the plaintiffs-appellants, E. Edward Houghton and his wife Elizabeth F. Houghton, filed a complaint in the Circuit Court for Kent County against the County Commissioners of Kent County. The complaint, as subsequently amended, contained three counts. The plaintiffs alleged in the first count that, in connection with voting on a project to improve a public wharf on the Chester River, and in connection with voting on another matter, two of the three county commissioners entered into an "improper" vote trading "agreement." The second count asserted that the public wharf, as improved, would constitute a nuisance. In the third count, it was alleged that the claimed improper agreement was reached at a non-public meeting between the two commissioners, and that holding such a meeting in private violated Code (1984), §§ 10–501 through 10–510 of the State Government Article, and Code (1957, 1981 Repl.Vol.), Article 25, § 5. The plaintiffs sought both a declaratory judgment and injunctive relief.

The defendants moved to dismiss the complaint, asserting three alternate grounds: (1) that the plaintiffs had failed to

exhaust available administrative remedies; (2) that the complaint failed to state a claim upon which relief could be granted; (3) that the plaintiffs lacked standing. Thereafter both sides filed legal memoranda on these issues, and a hearing was held before the circuit court.

On January 21, 1985, the circuit court filed an opinion and a separate order. With regard to count one, the court's opinion held: "[e]ven assuming that the Plaintiffs have standing to bring an action, and that the Court has jurisdiction to entertain the Complaint in this case," the allegations in count one failed to state a claim upon which relief could be granted. As to count three, the court's opinion also held that the plaintiffs had failed to state a claim upon which relief could be granted. The court did hold, however, that the plaintiffs would be allowed to go to trial on count two. The court's order stated that "the Motion to Dismiss Counts I and III of the Complaint as Amended is GRANTED this 21st day of January, 1985. The Motion is Denied as to Count II." On the same day, the court's order granting the motion to dismiss was entered on the docket, although the word "judgment" was not used in the docket entry. Two days later, on January 23, 1985, the plaintiffs filed a notice voluntarily dismissing count two of their complaint. This notice of dismissal was entered on the docket the same day, although again the word "judgment" was not used in the docket entry. As of January 23, 1985, therefore, there was a final disposition of all counts in the complaint. *See* Rule 2–602; *Hardy v. Metts*, 282 Md. 1, 4–5, 381 A.2d 683 (1978). *See also* the discussion in *Tower v. Moss*, 625 F.2d 1161, 1164–1165 (5th Cir.1980) (involving F.R.Civ.P. 54(b), upon which Maryland Rule 2–602 was based).

The plaintiffs on February 19, 1985, filed an order of appeal to the Court of Special Appeals. On March 5, 1985, the Court of Special Appeals directed that the appeal proceed without a prehearing conference. *See* Rule 1024. On April 19, 1985, however, the Court of Special Appeals sua sponte dismissed the appeal on the ground that there was

no final circuit court judgment.[1] The mandate of the Court of Special Appeals was issued April 26, 1985. No petition for a writ of certiorari was filed in this Court seeking review of the Court of Special Appeals' decision.

Next, on May 1, 1985, there was entered on the circuit court docket the following: "BY ORDER OF THE Court (Judge J. Owen Wise) Final Judgment entered in favor of Defendant as to Counts I & III." The plaintiffs filed another order of appeal on May 2, 1985. Prior to argument in the Court of Special Appeals, the plaintiffs filed in this Court a petition for a writ of certiorari which we granted.

Along with their brief on the merits, the defendant County Commissioners have filed in this Court a motion to dismiss the appeal. The plaintiffs have filed a response to the motion, and at the hearing before us, both the motion and the merits of the case were argued.

In seeking dismissal of the appeal, the defendants contend that the January 21, 1985, order granting in part the motion to dismiss the complaint was final as to counts one and three. They argue that, upon the dismissal of count two on January 23, 1985, there was a final appealable judgment. In the defendants' view, the Court of Special Appeals erred in dismissing the first appeal. According to the defendants, the order of appeal filed on May 2, 1985, more than thirty days from the final judgment on January 23rd, was late and conferred no appellate jurisdiction. Consequently, the defendants argue, the May 2, 1985, appeal must be dismissed.

In their response, the plaintiffs do not dispute the premises of the defendants' argument. Instead, the plaintiffs rely solely on the "law of the case" doctrine, arguing that the January "judgment" was

---

**1.** The Court of Special Appeals apparently did not consider whether the January 21, 1985, order might be appealable as an interlocutory order under § 12–303(c) of the Courts and Judicial Proceedings Article.

"not an appealable final judgment which triggered the thirty day appeal period because the Court of Special Appeals said it was not final in its Order of Dismissal of the first appeal, and that is the law of the case. *Ward Development Co., Inc. v. Ingrao,* 63 Md.App. 645, 493 A.2d 421 (1985). Even if the Court of Special Appeals had erred in dismissing the initial appeal, when the Mandate issued the order was conclusive. *See Van Der Vlugt v. Scarborough,* 51 Md.App. 134, 137, 441 A.2d 1105 (1982)."

■ As previously indicated, we believe that the defendants' position is correct and that the appeal must be dismissed.

It is settled that an unqualified order granting a motion to dismiss or strike the plaintiff's initial pleading, thereby having the effect of putting the parties out of court, is a final appealable order. *See, e.g., Bailey v. Woel,* 302 Md. 38, 41 n. 1, 485 A.2d 265 (1984); *McSwain v. Tri-State Transportation,* 301 Md. 363, 368, 483 A.2d 43 (1984); *Mooring v. Kaufman,* 297 Md. 342, 347–348, 466 A.2d 872 (1983), and cases there cited.[2]

■ The order of January 21, 1985, dismissing counts one and three, coupled with the order of January 23, 1985, dismissing the remaining count two, had the effect of putting the plaintiff out of court. Nothing remained to be done. Both orders were entered on the docket as required by Rule 2–601(b). Nothing in Rule 2–601, adopted on July

---

**2.** One area where this general principle did not apply prior to July 1, 1984, concerned demurrers. Former Rules 345 e and 373 d provided that an order sustaining a demurrer to an entire declaration or bill of complaint, in order to constitute a final judgment, had to prohibit amendment. Demurrers were abolished effective July 1, 1984, and former Rules 345 e and 373 d were rescinded at that time. No provisions comparable to Rules 345 e and 373 d have been adopted since that time. New Rule 2–322(b)(2), providing for a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, took the place of former Rules 345 and 373 on July 1, 1984. If a court intends to grant such a motion with leave to amend, the order should expressly give leave to amend.

1, 1984, and dealing with the entry of judgment, requires that the word "judgment" always be used as a prerequisite to finality. The orders of January 21 and 23, 1985, together constituted the final judgment of the circuit court.

■ Consequently, the present appeal was taken more than thirty days from the final judgment of the circuit court. The requirement of Rule 1012 and its predecessors, that an order of appeal be filed within thirty days of a final judgment, is jurisdictional; if the requirement is not met, the appellate court acquires no jurisdiction and the appeal must be dismissed. *See, e.g., Kirsner v. State,* 296 Md. 567, 463 A.2d 865 (1983); *Institutional Mgt. v. Cutler Computer,* 294 Md. 626, 629–630, 451 A.2d 1224 (1982); *Eastgate Associates v. Apper,* 276 Md. 698, 350 A.2d 661 (1976); *Boyce v. Plitt,* 274 Md. 333, 336, 335 A.2d 101 (1975); *Clinton Petroleum Serv. v. Norris,* 271 Md. 665, 667, 319 A.2d 304 (1974); *Buck v. Folkers,* 269 Md. 185, 188, 304 A.2d 826 (1973); *Merlands Club v. Messall,* 238 Md. 359, 208 A.2d 687 (1965); *Porter, Exc'x of Earlougher ⌣ Timanus,* 12 Md. 283, 292 (1858).

Finally the "law of the case" doctrine, relied upon by the plaintiffs, furnishes no ground for this Court's exercise of jurisdiction. Under some circumstances, that doctrine has been applied to preclude re-litigation of a prior holding that "jurisdiction" did exist or of a prior exercise of jurisdiction by the same court. *See, e.g., Noonan v. Bradley,* 12 Wall. 121, 129, 20 L.Ed. 279 (1871); *Whyte v. Gibbes et al.,* 20 How. 541, 542, 15 L.Ed. 1016 (1858); *Washington Bridge Co. v. Stewart et al.,* 3 How. 413, 424–426, 11 L.Ed. 658 (1845); all cited with approval by this Court in *Park Land Corp. v. M. & C.C. of Balt.,* 128 Md. 611, 621, 98 A. 153 (1916). Even in that context, however, the "law of the case" doctrine would not apply to certain types of prior jurisdictional holdings. *See, e.g., Kingsbury v. Buckner,* 134 U.S. 650, 10 S.Ct. 638, 33 L.Ed. 1047 (1890).

■ We doubt very much that an erroneous prior dismissal of an appeal can properly, under the "law of the case"

doctrine, be used later to confer jurisdiction upon an appellate court when no jurisdiction otherwise exists. Nevertheless, we need not reach this question in the present case. Very recently we held that a decision of the Court of Special Appeals on an earlier appeal is not the law of the case for purposes of this Court's review on a later appeal in the same case. *Loveday v. State,* 296 Md. 226, 229–234, 462 A.2d 58 (1983). In other words, in this Court, the law of the case doctrine has no applicability when the prior decision relied upon was by a subordinate court. *Loveday v. State, supra,* 296 Md. at 234, 462 A.2d 58. The *Loveday* case is dispositive of the plaintiffs' argument.

APPEAL DISMISSED. COSTS TO BE PAID BY THE PLAINTIFFS-APPELLANTS.

McAULIFFE, Judge, dissenting.

I would apply the principle of the "law of the case" to avoid the harsh and inequitable result of dismissal of the appeal in this case. The relevant chronology of the case is as follows:

January 21—Circuit court enters order granting defendants' motion to dismiss Counts I and III (of a three count complaint).

January 23—Circuit court enters on docket plaintiffs' voluntary dismissal of Count II.

February 19—Plaintiffs file order of appeal.

April 19—Court of Special Appeals, acting on its own initiative, enters an order dismissing the appeal.

April 26—Court of Special Appeals issues mandate finalizing dismissal of appeal.

May 1—Circuit court enters order denominating dismissal of Counts I and III as a final judgment.

May 2—Plaintiffs file second order of appeal.

The majority of this Court now dismisses the second appeal on the ground that the January 21 order effectively disposed of all claims generated by Counts I and III, and became final and appealable when the remaining claims

were disposed of by the voluntary dismissal of the sole remaining count, so that any appeal filed more than 30 days after January 23 was not timely.  Of course, this means appellants were entirely correct in taking their initial appeal when they did, and have lost that right of appeal because an appellate court mistakenly believed their action to have been premature.

I do not disagree with the majority's holding that the circuit court's order of January 21 became final and appealable when all remaining issues were settled by the dismissal entered on January 23.  I therefore agree that the Court of Special Appeals erred in dismissing the first appeal.  I disagree, however, with the majority's conclusion that we cannot treat that earlier procedural determination by the Court of Special Appeals as the law of this case, and thereby find the current appeal to be timely.

The principle of the law of the case is not an inflexible rule of law.  Justice Holmes, writing for the Supreme Court in *Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912) said:

> In the absence of statute the phrase, law of the case, as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.

It has been described as largely a matter of "good sense," *Petition of United States Steel Corporation,* 479 F.2d 489, 494 (6th Cir.1973), *cert. denied,* 414 U.S. 859, 94 S.Ct. 71, 38 L.Ed.2d 110 (1973);  as a doctrine addressed to the "good sense" of the court, *Uniformed Sanitation Men Ass'n, Inc. v. Commissioner of Sanitation of New York,* 426 F.2d 619 (2d Cir.1970), *cert. denied,* 406 U.S. 961, 92 S.Ct. 2055, 32 L.Ed.2d 349 (1972), quoting *Higgins v. California Prune & Apricot Growers, Inc.,* 3 F.2d 896, 898 (2d Cir.1924);  and, as "a rule of comity or convenience," *Walker v. Gerli,* 257 A.D. 249, 12 N.Y.S.2d 942, 944 (1939).

In the usual application of the principle an appellate court will decline to consider in a second appeal of the same case issues decided by it in the first appeal, and courts of subordinate jurisdiction will consider themselves bound by the decision made by an appellate court that has remanded a case. This is so even though the decision is interlocutory and may subsequently be reversed by a court of superior jurisdiction. Exceptions have been recognized when an appellate court finds its earlier decision was clearly erroneous and would work a manifest injustice, *White v. Murtha,* 377 F.2d 428 (5th Cir.1967); *Hammond v. Inloes,* 4 Md. 138, 165 (1853); and when there has been an intervening change in the law having retrospective application, accomplished either by statute, *Banco Nacional de Cuba v. Farr,* 383 F.2d 166 (2d Cir.1967), *cert. denied,* 390 U.S. 956, 88 S.Ct. 1038, 19 L.Ed.2d 1151 (1968); or by a decision of a court to which the appellate court owes obedience, *Delano v. Kitch,* 663 F.2d 990 (10th Cir.1981), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2012, 72 L.Ed.2d 468 (1982). And we held in *Loveday v. State,* 296 Md. 226, 462 A.2d 58 (1983) that the law of the case principle does not bind this Court to a decision of the Court of Special Appeals given in an earlier appeal in the same case.

I have no quarrel with the structure of the law of the case principle as it has developed and been interpreted in this State, and I agree that *Loveday* is entirely correct on its facts. I believe, however, that consistent with the common sense approach that underlies the rule we should approve a narrow application of the law of the case doctrine to bind the parties and the courts to the determination first made by the Court of Special Appeals with the respect to the finality and appealability of the circuit court's entries of January 21 and 23.

In the usual case, as in *Loveday,* a party will ordinarily not suffer irreparable harm by the refusal of this Court to bind itself to an earlier decision of the Court of Special Appeals on a substantive matter. The decision in such case is interlocutory and may be changed until all avenues of

direct appeal and discretionary review have been exhausted. Here, however, the dismissal of the first appeal as premature rendered impossible the correction of error, for if the appeal had not in fact been premature there could never again be a timely appeal. More than 30 days had passed from the entry of the order that gave finality to the proceedings, and if at some later date the Court of Special Appeals or this Court determined the original ruling had been in error, there could be no relief. In these limited circumstances, where the ruling that later proves erroneous has addressed the finality and appealability of an order, and the result of not applying the law of the case doctrine is that an innocent party will be deprived of the right of appeal, it seems entirely reasonable to allow the earlier ruling to control the case.

I attach no significance to the failure of appellants to request the issuance of a writ of certiorari following the dismissal of the first appeal by the Court of Special Appeals. The law of the case principle has been found applicable in those instances where certiorari has been requested and denied, as well as where certiorari has not been requested. To hold otherwise would be to ascribe precedential value to a denial of certiorari, and that would be at variance with established law. *State of Maryland v. Baltimore Radio Show*, 338 U.S. 912, 70 S.Ct. 252, 94 L.Ed. 562 (1950). Appellants should not be penalized for pursuing an alternative that was the least expensive and the least demanding of the resources of a busy court system.

The majority suggests that application of the law of the case doctrine may not be of benefit to appellant in this case because the failure to file a timely appeal deprives an appellate court of jurisdiction, and we cannot confer jurisdiction where none exists. That argument overlooks the effect of applying the law of the case to these facts. The law of the case established by the Court of Special Appeals on the initial appeal is that the order of January 21 did not dispose of the claims presented by Counts I and III because it did not employ the term "judgment". It follows that

when the circuit judge on remand again dismissed Counts I and III, and in so doing used the word "judgment" in the order, the law of this case is that all claims were finally disposed of, for the first time, by that order. An appeal taken within 30 days of that order is therefore timely, and there is simply no question of an untimely appeal or an attempt to confer jurisdiction.

I am aware that hard cases sometimes make bad law, and that we must avoid distortion of a rule simply to avoid a harsh result in a single case. In this instance, however, I believe the rule may be applied rationally and without distortion to achieve a logical and just result. I would consider the appeal on its merits.

Chief Judge MURPHY has authorized me to state that he concurs with the views expressed herein.