598 A.2d 756

Lenny EPPS

v.

Stuart SIMMS, State's Attorney for Baltimore City.

Maurice C. PROCTOR

v.

Stuart SIMMS, State's Attorney for Baltimore City.

Nos. 1379, 1853, Sept. Term, 1990.

Court of Special Appeals of Maryland.

Nov. 29, 1991.

372

Lenny Epps, Lewisburg, Pa. and Maurice C. Proctor, Lewisburg, Pa., for appellants.

Stephanie Lane–Weber, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Submitted before MOYLAN, GARRITY and BLOOM, JJ.

BLOOM, Judge.

Seeking certain information to which they claim to be entitled by virtue of Maryland's Public Information Act (§§ 10–611 through 10–628 of the State Government Article of the Maryland Code), appellants, Lenny Epps and Maurice C. Proctor, filed separate actions in the Circuit Court for Baltimore City against appellee, Stuart Simms, State's Attorney for Baltimore City, the alleged custodian of those records.

In Epps's case, the court ordered appellee to disclose the requested information "unless it fits within the enumerated exceptions in § 10–618(f)." Appellee furnished some information, but not enough to satisfy Epps, who then filed a "Motion to Produce Vaughn Index for *In Camera* Inspection," seeking the form of relief discussed in *Cranford v. Montgomery County,* 300 Md. 759, 481 A.2d 221 (1984), and

*Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).[1] Appellee filed an opposition to that motion, together with an affidavit and memorandum of law. By way of rejoinder, Epps filed a "Traverse," together with a brief setting forth arguments in support of his motion. The court denied Epps's motion for a Vaughn Index, and Epps appealed from that denial.

Appellant Proctor's complaint against appellee, filed almost a month after the court had denied Epps's motion for a Vaughn Index, recited Proctor's request for information from Simms and the latter's response, which merely said that appellee was unable to comply with the request and that similar efforts by Proctor's co-defendant, Epps, were unsuccessful. Anticipating that a request for an order requiring Simms to release the desired information would eventually necessitate a request for a Vaughn Index anyway, Proctor's complaint, "in the interest of *Judicail* (sic) *Economy,*" merely asked the court to order the production of a Vaughn Index at the outset. Appellee responded with a motion to dismiss (1) for failure to state a claim upon which relief can be granted; (2) because the materials sought by Proctor were utilized by the federal government in prosecuting Proctor and thus could not be released by appellee; and (3) because the material requested contained information which if released would disclose confidential sources and entail an unwarranted invasion of privacy. The motion to dismiss, which was accompanied by a memorandum in its support, was granted by the court. Proctor's appeal is from the order dismissing his complaint.

Both appeals having been submitted on brief, we combined them for purposes of this opinion, since they involve common issues of fact and law. The cases will diverge,

---

1. As explained *infra,* a Vaughn Index is a document, submitted to the court for *in camera* inspection, that summarizes material believed by the custodian to be exempt from disclosure in sufficient detail to enable the court to rule on the claim of exemption without giving so much detail as to compromise privileged material.

however, with respect to disposition. We shall dismiss Epps's appeal but reverse the judgment in Proctor's case.

I

██ Upon Epps's petition, after some preliminary skirmishes, the court ordered appellee to disclose the information sought by Epps "unless it fits within the enumerated exceptions" in § 10–618(f). Appellee disclosed certain documents, but Epps was dissatisfied. He filed the Motion to Produce Vaughn Index for *In Camera* Inspection. Citing *Cranford v. Montgomery County*, 300 Md. 759, 481 A.2d 221 (1984), and *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), he asked the court to grant the type of relief discussed in those cases in order to determine whether appellee was improperly withholding information subject to disclosure. Appellee filed an opposition to the motion, in which he asserted:

1. Plaintiff has received all material used exclusively in the State's prosecution against him.

2. Defendant has no right to authorize Plaintiff's access to materials utilized by the federal government in its prosecution of Plaintiff.

3. Material utilized by the federal government to which Defendant has access includes information which if released would entail an unwarranted invasion of privacy and would disclose confidential sources.

Attached to the opposition was an affidavit, which stated:

I, Timothy J. Doory, being competent to testify, hereby affirm on my personal knowledge as follows:

1. I am the Chief of the Violent Crimes Division of the State's Attorney's Office for Baltimore City and a prosecutor within that office.

2. I was responsible for the handling of a criminal murder case against Leonard Epps filed in the State of Maryland; I was also sworn as a Special Assistant

United States Attorney for the purposes of prosecuting Mr. Epps from the same murder in federal court.

3. The State murder charges were dismissed against Mr. Epps by way of a *nolle prosequi.* Mr. Epps was found guilty of the federal offenses and sentenced to life imprisonment and five years.

4. Pursuant to an order from the Baltimore City Circuit Court dated October 24, 1989, copies of all information contained exclusively in the State's file of Mr. Epps were mailed to Mr. Epps. As a Special Assistant United States Attorney I was given no authority to release any information to which I had access and I was specifically foreclosed by the United States Attorney's Office from sending Mr. Epps any information gathered for the purposes of the federal prosecution. It is my understanding that the federal prosecution entailed prospective witnesses who did not testify at trial so that release of information about them would constitute an unwarranted invasion of privacy and there were confidential sources utilized during the investigation. For these reasons, I have permitted Mr. Epps access only to the materials relied upon exclusively by the State.

Appellee also filed a memorandum in support of his objection, in which he argued:

It is clear from the Affidavit that Mr. Epps has received all material used exclusively by the State in its prosecution against Plaintiff. Merely because Plaintiff pursues additional documents which the Defendant has no authority to release does not entitle Plaintiff to further access to the records.

．　　　．　　　．　　　．　　　．

The terms of Timothy Doory's appointment as a Special Assistant United States Attorney were limited and did not authorize him to have unfettered control of the federal documents he received during the prosecution of Mr. Epps. Indeed, Mr. Doory is not permitted to disclose the records. In short, the State's Attorney's Office is not the

authorized custodian who may exercise control over the additional records Mr. Epps seeks. Because it appears that Mr. Epps desires access to federal document, he should request such documents from the United States Attorney's Office, the actual custodian who has full authority to relinquish the records.

Epps countered with a "Traverse" to appellee's objection, and with a brief, in which he argued:

The Plaintiff wants to be perfectly clear. The Plaintiff has never attempted to secure any records but state records. Whatever transpired in the federal prosecution has no bearing in this instant matter. The plaintiff is not utilizing Maryland's PIA for FBI, DEA, or US Attorney records ... the Plaintiff is seeking solely state records compiled in the instant matter.

.    .    .    .    .

It has not been shown *but* there may exist the possibility that Mr. Doory "borrowed" certain state materials for the federal investigation/prosecution *but* that does not transform state records into federal records for the purpose of the Maryland PIA.

Records compiled by city agencies that originated with city agencies remain state records. The fact that they may be loaned to a federal agency does not remove their indicia as state records. This is what Mr. Doory proffers and it is legally incorrect and an indulgence that is untenable.

Epps also argued, citing *Cranford, supra,* that appellee's conclusory characterization of the requested materials was insufficient to justify non-disclosure.

The court entered the following order:

Upon consideration of the Motion to Produce Vaughn Index for *In Camera* Inspection filed by Plaintiff, Lenny Epps, the Objection to Plaintiff's Motion filed by the Defendant, Stuart Simms, and the Plaintiff's Reply thereto, it is this *12th* day of April, 1990,

ORDERED that the Plaintiff's Motion is hereby DE-NIED.

This appeal was taken from that order. As appellee points out in a footnote to his brief, Epps's appeal was not taken from a final judgment.[2] Md.Cts. & Jud.Proc.Code Ann., § 12–301. We also note that the appeal was not taken from the type of interlocutory order from which an immediate appeal would lie. § 12–303. We are therefore constrained to dismiss Epps's appeal. Md.Rule 8–602(a)(1).

## II

By 26 March 1990, when Proctor wrote to appellee to request the same type of material Epps had requested, the status of Epps's case was as follows: the court had denied appellee's motion for summary judgment and permitted Epps to amend his complaint; appellee had supplied certain information but refused to disclose all of the requested material; and Epps had filed his motion for a Vaughn index. Appellees did not reply to Proctor's request until 8 May 1990, by which date the court had denied Epps's motion. Appellee furnished no information to Proctor, merely responding to his request as follows:

I am unable to comply with your request. Similar efforts by your co-defendant Lenny Epps were unsuccessful. A copy of that Order is attached.

The order referred to was the court's order denying Epps's motion for Vaughn Index.

Proctor promptly filed a complaint in the Circuit Court for Baltimore City, asserting that he had requested specific

---

2. Although the request for a Vaughn Index was denied, the case is technically still open. The circuit court has yet to decide, without a Vaughn Index, whether Epps is entitled to any additional information. In view of the court's ruling on his motion, there was little likelihood that Epps would have prevailed; nevertheless, that ruling did not terminate the proceedings or have "the effect of putting the plaintiff out of court." Cf. Houghton v. County Comm'rs of Kent Co., 305 Md. 407, 504 A.2d 1145 (1986), on motion for reconsideration, 307 Md. 216, 513 A.2d 291 (1986).

information from appellee and attached a copy of his letter of request. He complained that appellee's response did not even amount to a denial letter, and he asked the court to order a Vaughn Index, since it was obvious that appellee had no intention of furnishing him any information but intended to rely on his success in the Epps case. Appellee responded with a motion to dismiss Proctor's complaint (1) for failure to state a claim upon which relief can be granted; (2) because appellee was not authorized to give Proctor access to information relied upon by the federal government in prosecuting Proctor; and (3) because a release of the requested information "would entail an unwarranted invasion of privacy and would disclose confidential sources." Appellee's memorandum in support of his motion to dismiss relied on the same arguments raised in the Epps case, including an affidavit of Mr. Doory, identical to the one filed in the Epps case except for the substitution of Proctor's name for that of Epps.

The court granted appellee's motion and dismissed Proctor's complaint, without stating the basis for its action. We must consider, therefore, each of the grounds relied upon by appellee in the motion to dismiss, since the court might have granted the motion on any or all of those grounds.

### A.

Appellee's assertion that Proctor's complaint did not state a claim upon which relief could be granted was based on the fact that the specific relief requested by Proctor was the ordering of a Vaughn Index, rather than an order directing appellee to furnish the requested information. If the court's dismissal of Proctor's *pro se* complaint was on that basis, dismissal without granting leave to amend was an abuse of discretion.

It is perfectly clear from Proctor's complaint, to which his request for information was appended, that he was seeking information that he claimed he was entitled to under the Public Information Act and that appellee had summarily

denied that request without even responding. It was also perfectly clear that inasmuch as appellee's denial of his request was hinged upon the rulings in Epps's case, resolution of the dispute would necessarily reach the Vaughn Index stage. Proctor's request for the Vaughn Index at the outset was, as he expressed it, "to eliminate time consuming procrastination." Since that nature of the case and the ultimate relief sought were apparent from the complaint, if the dismissal of the complaint was because of the form of the relief requested, the court abused its discretion in not granting leave to amend.

### B.

█ One basis for appellee's denial of Proctor's request for information and of the motion to dismiss Proctor's complaint is that the withheld materials were not public records of which he is custodian because they were "utilized by the federal government" and were not "used exclusively in the State's prosecution against [appellant]." We reject that proposition.

█ The legislative intent of the General Assembly in enacting the Public Information Act is to afford citizens of the State of Maryland "wide-ranging access to public information concerning the operation of their government." *A.S. Abell Publishing Co. v. Mezzanote*, 297 Md. 26, 32, 464 A.2d 1068 (1983). Section 10–611(f) of the Act provides, in pertinent part, that " 'Public record' means the original or any copy of any documentary material that ... is made by a unit or instrumentality of the State government or of a political subdivision...." That definition is not limited to materials "used exclusively" by the State, nor does it exclude materials that are "utilized by the federal government." Appellee cites no authority to support such a restricted definition, and we are aware of none. Conversely, in interpreting the Freedom of Information Act, it has been held that the fact that an agency is

no longer in physical possession of the records ... is not determinative, *cf. Soucie v. David,* 145 U.S.App.D.C. 144, 448 F.2d 1067, 1075–76 (1971); if the agency knows what records a given request is directed towards, knows where those records are located, and is able to produce them, the Act requires that it do so.

*Tax Reform Group v. I.R.S.,* 419 F.Supp. 415 (D.D.C.1976) (footnote omitted). Accordingly, if there is in appellee's possession either the originals or copies (if the originals were turned over to federal prosecutors) of documents or materials that were "made by a unit or instrumentality of the State government or of a political subdivision," they are "public records" subject to disclosure unless they are otherwise exempted by the PIA. We are unable to determine whether the withheld materials are "public records" because appellee has neither admitted nor denied—either to Proctor or to Epps—that materials in his custody and possession were "made by" the State or a subdivision.

Consequently, if the court granted appellee's motion to dismiss Proctor's complaint on the basis of appellee's assertion that the materials requested were used by federal authorities to prosecute Proctor, dismissal of the complaint was error.

### C.

■ Appellee's third basis for dismissing Proctor's complaint, that Proctor is not entitled to the requested information because the release of that information would entail an unwarranted invasion of privacy and would disclose confidential sources, is a purely conclusory assertion. It is precisely because "courts will simply no longer accept conclusory and generalized allegations of exemptions," *Vaughn v. Rosen, supra,* 484 F.2d at 826, that the Court in that case devised what has come to be known as the Vaughn Index. The Court of Appeals, in *Cranford v. Montgomery County, supra,* approving the procedure outlined in *Vaughn,* said:

Cases like the one at hand also present a procedural problem similar to one encountered in applying court rules dealing with discovery in litigation. On one side a member of the public requests agency records as a matter of statutory right. On the other side a custodian denies production on the ground that the material is exempted from disclosure by the same statute. The person seeking disclosure is not always willing to accept that the custodian has correctly applied the claimed exemption. If withheld documents are routinely dumped on the trial courts for *in camera* inspection in order to resolve the dispute, undesirable results follow.

. . . . .

One appropriate approach in these cases was outlined by the United States Court of Appeals for the District of Columbia Circuit in *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). There the Bureau of Personnel Management Evaluation of the Civil Service Commission was asked to produce evaluations of certain federal agencies' personnel management programs. The custodian raised the agency memoranda exemption in an affidavit which set forth in conclusory terms the custodian's opinion that the evaluations were not subject to disclosure under FOIA. After making an excellent review of the problems inherent in an adversary proceeding where the custodian has knowledge of the facts while the party requesting disclosure does not, the *Vaughn* Court laid down certain procedures for testing claims to exemptions under FOIA. Because "courts will simply no longer accept conclusory and generalized allegations of exemptions," the first burden of an agency which seeks judicial approval of a claim of exemption is to provide "a relatively detailed analysis in manageable segments." *Id.* at 826. This emphasis on an explanation which presents enough detail to make understandable the issues involved in the claim of exemption without presenting so much detail as to compromise the privileged material is repeatedly re-

flected in the federal cases. [Citations omitted.] At the level of state government where one would not expect to encounter sensitive national security documents, the agency involved ordinarily should be able, without disclosing privileged information, to present a sufficiently detailed description and explanation to enable the trial court to rule whether a given document, or portion thereof, is exempt without the necessity of an *in camera* inspection.

We agree with the Court of Special Appeals that the ultimate standard under the Md. Act for determining whether an *in camera* inspection is to be made is whether the trial judge believes that it is needed in order to make a responsible determination on claims of exemptions. *See Ray v. Turner, supra,* 587 F.2d [1187 (D.C.Cir.1978)] at 1195. Chief Judge J. Skelly Wright on behalf to the United States Court of Appeals for the District of Columbia Circuit in *Allen v. CIA,* 636 F.2d 1287 (D.C.Cir.1980) has listed a number of factors which may be involved in such a decision. These are judicial economy, the conclusory nature of the agency affidavits, bad faith on the part of the agency, disputes concerning the contents of the document, whether the agency has proposed *in camera* inspection and the strength of the public interest in disclosure. *Id.* at 1298–99. Particularly relevant here are judicial economy and the conclusory nature of the agency showing. Where the withheld documents are voluminous, it is understandable for a trial court to be reluctant to conduct an *in camera* inspection, and judicial economy would support directing the agency to furnish such further affidavits, indices, tables, summaries, and cross references as the trial judge believes will be of help to him. Conversely, the number and subject matter of the documents may be such that an *in camera* inspection will involve far less time than would be expended in the presentation and evaluation of further evidence. If a detailed description cannot be given in affidavits without revealing the very information sought to be protected, there is strong reason for conducting an

*in camera* inspection. If an agency has frustrated judicial review by presenting testimony or affidavits in conclusory form, the trial court may, depending upon all of the circumstances, appropriately exercise its discretion by ordering more detailed affidavits or by conducting an *in camera* inspection or simply by ordering disclosure because of the agency's failure to meet its burden of satisfying the court that an exemption applies.

300 Md. at 777–80, 481 A.2d 221.

If the court granted appellee's motion to dismiss Proctor's complaint on the basis of appellee's conclusory assertion that the requested materials were exempt under the statute, it erred in doing so. What Proctor asked for—perhaps precipitously, since he did not first formally request an order to disclose—was the type of relief specifically provided for in those situations in which the custodian of records baldly asserts that they come under one or more of the exemptions set forth in the statute.

### III

In summary, the court either erred, if it dismissed Proctor's complaint on the basis of appellee's assertions that Proctor was not entitled to the information he requested, or abused its discretion, if it dismissed the complaint because of the form of relief prayed. In either event, we shall reverse the judgment and remand for further proceedings. Although we have dismissed his appeal, appellant Epps is certainly entitled to the Vaughn Index he requested, should he renew his request for it.

APPEAL OF LENNY EPPS, NO. 1379, SEPTEMBER TERM, 1990, DISMISSED.

COSTS TO BE PAID BY APPELLANT.

IN APPEAL OF MAURICE C. PROCTOR, NO. 1853, SEPTEMBER TERM, 1990, JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.